IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nadezhda Kirpach, | ) | Civil Action No. 2:13-983-CWH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Intermodal Bridge Transport, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) [Doc. 5] and the plaintiff's motion to amend [Doc. 9]. The plaintiff has pled claims for hostile work environment; retaliation; and national origin and sex discrimination, pursuant to Title VII of the Civil Rights Act of 1964 (as amended) ("Title VII").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff was a former employee of the defendant, from approximately April 2006 through January 2012, when her employment was terminated. [Doc. 1-1 ¶ 3.] She contends that she was repeatedly cursed and berated, in vulgar terms, by co-workers because of her sex and Russian national origin. *Id.* ¶ 3. The plaintiff alleges

that she reported such misconduct to her supervisors but that her complaints were ignored and that she was ultimately fired, as a result.

The plaintiff has now also proposed an Amended Complaint that also alleges that her former boyfriend and supervisor, Tim Carswell, sexually harassed and groped her, from 2006 until the termination of her employment in 2012. [Doc. 9-2 ¶ 5, 8, 11.] She also alleges to have reported this misconduct, as well.

## **APPLICABLE LAW**

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant in its motion and responses is adamant that the plaintiff's Original and Amended Complaints are without any detail and generally conclusory.

As an initial matter, therefore, the Court would clarify: The plaintiff has made serious allegations of discrimination and harassment in this case, which have plainly cleared the hurdle of the pleadings standard. In her original Complaint and her proposed Amended one, she claims that she was referred to as a "f . . . king Russian bitch," "the Russian bitch," "filthy whore," and "whore"; told to "go back to [her] country" and that she was "supposed to go back to your country a long time ago"; and asked whether Russia has "any theaters or just bears." [Doc. 1-1 ¶¶ 6, 7, 10; Doc. 9-2 ¶¶ 6, 7.]

The original Complaint is neither non-specific nor conclusory, as the defendant alleges. And contrary to the defendant's implication, it does not sound in simple workplace disagreement or personality conflict. The plaintiff has alleged specific mistreatment on account of illegal considerations, including her national origin and sex.

But, it gets worse. In her proposed Amended Complaint, and consistent with her Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC), she claims that her direct supervisor propositioned her for oral sex, physically assaulted her, and used sexual vulgarities in conversation with her at work. [Doc. 9-2 ¶¶

5, 11.]

This is not a case suitable for dismissal at this stage for the defendant's allegation that it fails to allege any kind of specific and redressable wrong. It plainly does. The Court will discuss more specifically, below, the elements and causes pled.

**I.    Motion to Amend**

First, however, the plaintiff has moved to amend her Complaint, in response to the defendant's motion to dismiss, in a way that make her claims even more precisely colorable. The Court would grant the motion.

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." *Id*. However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

In response to the plaintiff's motion, the defendant claims prejudice and that justice will not be served by the amendment. Specifically, the defendant argues that the plaintiff has changed her "factual allegations without justification." [Doc. 14 at 5.] Respectfully, this is a strange view. In its motion to dismiss, the defendant complains

that the plaintiff's Complaint does not match her EEOC Charge. Most of the additional averments of the Amended Complaint are of this kind – directly taken from the Charge. For example, the EEOC Charge focused substantially on the alleged misconduct of the plaintiff's supervisor, Tim Carswell, and his alleged sexual advances. [Doc. 8-2 at 6-7.] Such accusations were largely absent from the original Complaint but are now present in the amended one. [See Doc. 9-2 ¶¶ 5, 8, 11.] Also, at the insistence of the defendant, who contended that the plaintiff had not identified any person to whom the plaintiff reported such unlawful conduct, the plaintiff replicated in her Amended Complaint the claim from her EEOC Charge that she had reported it all to a Jerry Joyner. [Compare Doc. 8-2 at 7 with Doc. 9-2 ¶ 11 .]

Indeed, the defendant admits that "it is apparent that Plaintiff has tailored her [Amended Complaint] in an effort to correct the deficiencies noted by Defendant." *Id*. But, the defendant would now somehow complain that more explanation is required for some perceived sudden change in story. But, the rationale is plain: the plaintiff is attempting to be more complete in her allegations and more consistent with the EEOC Charge, as demanded by the *defendant*, itself. This is not a situation where there exists reason to believe the plaintiff has fabricated allegations to avoid dismissal; she has simply added the allegations, which existed in the EEOC and that the defendant, itself, argued were absent.

The only other opposition that the defendant mounts against amendment is a reiteration of its motion to dismiss challenge that the "amended pleading continues to

provide scant factual details and relies primarily on vague, conclusory allegations." [Doc. 14 at 4.] This is simply untrue. As will be discussed, *infra*, where there was sufficient detail in the first Complaint, the amended Complaint goes farther.

The defendant argues that there are "few factual details," "sprinkled throughout," in a "scattershot fashion," resulting in "unconnected paragraphs." [Doc. 14 at 4.] The defendant, in this kind of objection, would impose a new sort of pleading standard, however. The defendant is not entitled to the entire story or an airtight chronological account. It is entitled simply to "a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. The defendant should not expect to piece together the entire timeline. In keeping with Rule 11 obligations, Plaintiff Counsel, himself, may not know. *See* Fed. R. Civ. P. 11. Indeed, he did not represent the plaintiff for purposes of the Charge. [Doc. 8 at 4.] That is the purpose of discovery, of course, for all parties involved – to explore completely.

The Amended Complaint is simply not mysterious. As with any lawsuit, there are countless details to be established or refuted. That does not mean that it works some prejudice. Quite the opposite, the Amended Complaint is more clear, just as the defendant has requested. The motion is granted.

II.     **Motion to Dismiss**

The defendant contends that its arguments are equally applicable to the Amended Complaint and incorporated them by specific reference into its response to the motion to amend. [Doc. 14 at 1 n.1.] The Court, therefore, will consider them, in light of the Amended Complaint, to the extent applicable. As an initial matter, the

plaintiff clarifies that she never meant to allege any claim for discriminatory discharge. [Doc. 8 at 6.] None will be considered.

   A.   **Retaliation**

The defendant first contends that the plaintiff's retaliation claim has been insufficiently pled. To state a prima facie case of retaliation under Title VII, a plaintiff must plausibly show that (1) she engaged in protected activity, (2) her employer took some adverse action against her, and (3) a causal connection existed between the protected activity and the adverse action. *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 458 (4th Cir. 2002).

The defendant contends that the plaintiff has not alleged any protected activity. She has. The plaintiff contends that she complained about national origin harassment to Carswell. (Amend. Compl. ¶ 8.) She alleges that she complained about such conduct "on numerous occasions in the months leading up to [her] termination in January 2012." *Id.* ¶ 9. The plaintiff also avers that she complained about Carswell's conduct to her "superior Jerry Joyner, the general manager." *Id.* ¶ 11. Complaints to supervisory or management employees concerning harassment or discriminatory treatment as well as informal complaints, filing of internal grievances, and complaints to an agency are included within the definition of protected activity. *See Warren v. Halstead Indus., Inc.*, 802 F.2d 746 (4th Cir.1986).

Next, the defendant contends that the plaintiff has pled no causal connection between her alleged complaints and her termination. But, again, she did: "The reasons

given by Defendant for Plaintiff's termination were false and the real reason was in retaliation for Plaintiff's good faith activities protected by Title VII." (See Amend. Compl. ¶ 9.) The defendant argues that it is "not credible" to believe that the plaintiff would complain for so long and that the defendant would "all of a sudden terminate her for engaging in protected conduct." [Doc. 5-1 at 3.] Credibility is not at issue on a motion to dismiss. She alleges protected activity close in time to her termination. And, that is enough. *See Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 443 (4th Cir.1998); *see also Williams v. Cerberonics, Inc.*, 871 F.2d 452 (4th Cir.1989) (holding three month time period between protected activity and termination sufficient to satisfy the causation element of the *prima facie* case of retaliation); *Carter v. Ball*, 33 F.3d 450 (4th Cir. 1994) (finding causal link between filing of retaliation complaints and the plaintiff's demotion five months later).

The elements have been pled and plaintiff's retaliation claim should survive.

**B.    Hostile Work Environment**

The defendant also contends that the plaintiff has failed to properly plead a claim for hostile work environment. To establish a hostile work environment claim, the plaintiff must prove by a preponderance of the evidence that she was subjected to (1) unwelcome harassment; (2) based on her sex or national origin; (3) that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere; and (4) that is imputable to the defendant. *See  EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir.2009).

The defendant states: "Here again, Plaintiff fails to assert any specific facts that would plausibly show she was subjected to severe or pervasive conduct sufficient to state a hostile work environment claim against IBT." [Doc 5-1 at 6.]

This is not a reasonable view. As detailed above, the plaintiff alleges that employees of the defendant have expressly called her various and specifically discriminatory names, implicating her national origin and sex. [Doc. 9-2 at ¶¶ 5-8.] As alleged, the conduct is severely and objectively offensive. *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333 (4th Cir. 2003) (en banc). The plaintiff, now, has also outlined various and outrageous sexual advances by Carswell, including physical touching and groping. *Id.* ¶¶ 5, 8, 11. The plaintiff has alleged severely harassing conduct.

The defendant contends that the plaintiff has not identified any specific employee who made such remarks. The Court knows of no such requirement. Certainly, Carswell has now been identified with respect to any sexual harassment claim. Moreover, Keri Van Gundy was specifically identified in the EEOC charge as one of the individuals who made remarks about the plaintiff being a "Russian bitch" and that she should return to her country. [Doc. 8-2 at 7.] Again, any failure to be more specific in the Complaint may be attributable simply to the prudence of counsel to only allege what is known. This is typical. The defendant, in discovery, will soon be entitled to whatever names and dates it thinks it is entitled to. This sort of lack of detail, however, is not some legal deficiency in the pleading, as far as the Court is informed.

The plaintiff has also specifically alleged that the harassment interfered with her performance. [Doc. 9-2 ¶ 14.]

Finally, whether or not the plaintiff has been truthful in her Complaint, it is not persuasive for the defendant to equate the sort of vulgar and facially discriminatory statements alleged by the plaintiff with simply "rude treatment" or "callous behavior." [Doc. 5-1 at 6.] She may not ultimately be able to establish all she has alleged. But, she has alleged discriminatory harassment and, thereby, a claim.

### III. Continuing Action

Lastly, the defendant contends that the plaintiff may not assert any continuing violation or action, now, in her sexual harassment claim because none was alleged in the EEOC charge. It is true that "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005). Likewise, the Fourth Circuit has "held that the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Id.* "At the same time, however, if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Id.*

The defendant's point is not entirely clear. Normally, the continuing action or violation doctrine is employed to make relevant discriminatory conduct, which would otherwise fall outside of the limitations period for filing an EEOC charge. Prerequisite to

bringing a judicial action, it is well-understood that a plaintiff in South Carolina must file a charge of discrimination within 180 days (for claims arising under South Carolina Human Affairs Law) or 300 days (for claims arising under Title VII, since South Carolina is a deferral state) after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5; S.C. Code § 1-13-90; *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995). And, the defendant implies some in this regard, now, emphasizing that the plaintiff did not indicate "Continuing Action" on the form. But, principally, the defendant seems to simply mean that allegations in the Complaint are different than those in the EEOC Charge.

As the defendant describes, in *Chacko*, the plaintiff alleged in his lawsuit that coworkers continually made derogatory national-origin remarks to him over the course of his twenty-year career, and that supervisors did not discipline these coworkers, laughed at their comments, and may have joined them. *Id*. at 511. The administrative charge, by contrast, alleged only specific episodes of harassment, none of which mentioned coworker harassment or national-origin epithets. *Id*.

Here, however, the plaintiff's allegations are essentially identical in both – a continuing pattern of abuse. In each, she alleged verbal abuse by co-workers and sexual harassment by Carswell over many years. [Compare Doc. 8-2 with Doc. 9-2.] There is no discrepancy between the two documents. And, as stated, in *Chacko*, so long as the "factual allegations in the administrative charge are reasonably related to

the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Chacko*, 429 F.3d at 509.

In its response to the plaintiff's motion to amend, the defendant emphasizes that in Paragraph 5 of her proposed Amended Complaint the plaintiff alleges that Carswell "subjected her to unwanted, hostile and offensive conduct . . . from 2009 until two weeks before her termination." (Compl. ¶ 5.) The defendant contends that this is problematically in contrast with the EEOC Charge, which states that the "earliest date the [alleged] discrimination took place was on November 1, 2011." But, this is not any sort of disparity. The EEOC Charge is entirely consistent with the Complaint, describing harassing conduct of Carswell as far back as 2005-06. [Doc.8-2 at 6.]

Moreover, the simple fact that the "Continuing Action" box was not checked on the EEOC Charge has not been treated dispositive by other courts; the defendant contends that it is material. *See Baiden-Adams v. Forsythe Transp., Inc.*, 2013 WL 4759052, at *5 (E.D. Va. 2013). Even where continuing action is not indicated expressly, it appears that at least some courts have still considered the similarity between the kinds of allegations made in the charge and the Complaint. *See id.*

To the extent the defendant contends that certain of the events listed in the Complaint fall outside the limitations period, the full extent of the details are yet to be explored. And, the simple fact that events occurring many years earlier appear in the Complaint does not mean that those events are intended as an actual basis of the claim. It is premature to conclude what facts are precisely relevant. There is no failure

to exhaust.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 5] should be DENIED. The plaintiff's motion to amend [Doc. 9 ] is GRANTED.

IT IS SO RECOMMENDED and ORDERED.

                                                    s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

October 16, 2013
Charleston, South Carolina.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).