IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nadezhda Kirpach, | ) |
|              Plaintiff, | ) Civil Action No. 2:13-00983-CWH |
| vs. | ) |
| | ) ORDER |
| Intermodal Bridge Transport, Inc., | ) |
|              Defendant. | ) |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks recommending that the plaintiff's motion to amend the complaint be granted and that the defendant's motion to dismiss be denied. For the reasons set forth below, the Court adopts the R&R, grants the plaintiff's motion to amend the complaint, and denies the defendant's motion to dismiss.

### I. BACKGROUND

#### A.  Facts

The plaintiff Nadezhda Kirpach (the "plaintiff"), a female of Russian national origin, was hired by the defendant Intermodal Bridge Transport, Inc. (the "defendant") in August 2006. (Compl. ¶¶ 1, 3, ECF No. 1-1). Until her termination on or about January 12, 2012, the plaintiff worked for the defendant at its facility in North Charleston, South Carolina. (Compl. ¶ 3). The plaintiff asserts that while employed by the defendant, she was repeatedly harassed and berated by her co-workers because of her gender and her Russian national origin. (Compl. ¶ 6). In her original complaint, she alleged that she was referred to as a "f...ing Russian bitch," "the Russian bitch," "filthy whore," and "whore;" told to "go back to [her] country" and that she was "supposed to go back to [her] country a long time ago;" and asked whether Russia has "any



theaters or just bears[.]" (Compl. ¶¶ 6, 7, 10). Furthermore, the plaintiff claims that she, and at least one of her co-workers, reported the aforementioned treatment to her superiors and that the "[d]efendant's management knew of the hostile and offensive conduct and failed to take reasonable steps to stop it." (Compl. ¶¶ 13, 15). Specifically, the plaintiff alleges that Gregory Brown, one of the plaintiff's supervisors, was "clearly aware of the sexually and otherwise offensive comments directed at and about Plaintiff because of her sex and her national origin[]" and that "Brown not only failed to stop the offensive and hostile behavior, but also participated in and condoned the behavior . . . ." (Compl. ¶¶ 11-12).

In her amended complaint, the plaintiff offers even more detail. She claims that Tim Carswell, her supervisor and former boyfriend, solicited sexual acts from her while at work, grabbed her inappropriately, and refused to take action against the plaintiff's co-workers when she reported their offensive comments to him. (Am. Compl. ¶¶ 5, 8, ECF No. 18). The amended complaint also specifies that the plaintiff complained about her mistreatment to Jerry Joyner, the defendant's general manager, and that he failed to do anything about it. (Am. Compl. ¶ 11). Shortly after reporting this abusive and offensive behavior, one of the plaintiff's co-workers, Ms. Van Gundy, allegedly told the plaintiff, "[n]obody here likes you, you f...ing bitch . . . go back to your own country." (Am. Compl. ¶ 12).

The plaintiff further alleges that she was terminated soon after one of the numerous times she reported the aforementioned conduct to her superiors. (Compl. ¶ 16). On January 16, 2013, one week after she was fired, the plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge against the defendant. (Am. Comp. ¶ 5; Pl.'s EEOC Charge, ECF No. 8-1). Shortly thereafter, the plaintiff initiated this lawsuit.



### B.  Procedural History

On February 25, 2013, the plaintiff brought this action against the defendant, alleging that during the time she was employed by the defendant she was subjected to a hostile work environment and was discriminatorily discharged on the basis of her gender and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). The plaintiff also advanced a claim for retaliation. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings.

On April 18, 2013, the defendant filed a motion to dismiss, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss, ECF No. 5). On May 20, 2013, the plaintiff filed a response in opposition thereto, which stipulated that she was not pursuing a claim for discriminatory discharge. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 8). On May 31, 2013, the defendant filed a reply in support of its motion to dismiss, maintaining that both the plaintiff's original and amended complaints failed to state a claim for relief, thereby requesting that its motion to dismiss be granted. (Def.'s Reply Mem. in Supp. of Mot. to Dismiss, ECF No. 11).

On May 20, 2013, the plaintiff filed a motion to amend the complaint. (Pl.'s Mot. to Amend Compl., ECF. No. 9). On June 6, 2013, the defendant filed a response in opposition to the plaintiff's motion to amend. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Amend Compl., ECF No. 14). On June 17, 2013, the plaintiff filed a reply. (Pl.'s Reply to Def's Resp. in Opp'n to Pl.'s Mot. to Amend Compl., ECF No. 15).

On October 16, 2013, the magistrate judge issued an R&R. (ECF No. 16). Applying the standards articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v.



Twombly, 550 U.S. 544 (2007), the magistrate judge found that the plaintiff's complaint on its face raised allegations sufficient to state plausible claims for hostile work environment and retaliation. In addition, the magistrate judge found that the amended complaint more clearly articulated the plaintiff's claims and that it met the requirements of Federal Rule of Civil Procedure 15(a)(2). Accordingly, the magistrate judge recommended that the Court deny the defendant's motion to dismiss and grant the plaintiff's motion to amend the complaint. On November 4, 2013, the defendant filed objections to the R&R. (Def.'s Objections to R&R, ECF No. 19). This matter is now before the Court for disposition.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A court, however, "'need not accept the legal conclusions drawn from the facts . . . .'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). Likewise, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[]" or "allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted) (internal quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563 (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." A Soc'y Without a Name, For People Without A Home, Millennium Future-Present v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted); see also Crossman v. Chase Bank USA NA, Nos. 2:07-cv-116-CWH & 2:07-cv-120-CWH, 2007 WL 2702699, at *6 (D.S.C. Sept. 12, 2007) (where the plaintiff's allegations did not raise a reasonable expectation that discovery would reveal evidence showing that the defendant was guilty of the alleged misconduct, dismissal was appropriate). Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

556 U.S. at 678 (internal citations omitted). Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citation omitted).



### B.   Motion to Amend a Complaint

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that a "court should freely give leave [to amend a complaint] when justice so requires." Id. However, a "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted).

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Often, a prejudicial amendment is "one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id. (alteration in original) (citation omitted) (internal quotation marks omitted).

With respect to futility, leave to amend "should only be denied . . . when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). In other words, "[a]n amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004).



### III. DISCUSSION

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part . . ." the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). In this case, the defendant made three objections to the R&R. Each one of the objections is addressed below.

> **A.     The magistrate judge erred in failing to examine the allegations originally asserted by the plaintiff and reconciling the differences between them and the EEOC charge filed by the plaintiff.**

First, the defendant objects to the R&R on the ground that the plaintiff's original complaint is inconsistent with both the plaintiff's EEOC charge and the amended complaint. (Def.'s Objections to R&R 2). In her original complaint, the plaintiff describes offensive and hostile conduct directed at her, but she does not identify specific individuals, except for Gregory Brown, who she alleges "not only failed to stop the offensive and hostile behavior, but also participated in and condoned the behavior, thereby worsening the hostile work environment to which [she] was subjected." (Compl. ¶ 12). To provide more detail, the plaintiff submitted her motion to amend the complaint, a proposed amended complaint (ECF Nos. 9, 9-1, & 9-2), and



the charge that the plaintiff filed with the EEOC (ECF No. 8-2). While the plaintiff's EEOC charge focused predominantly on the alleged misconduct of her supervisor, Tim Carswell, and his alleged sexual advances, the charge also included allegations that "one individual, Gregory Brown, even tried to hit [the plaintiff]." (Pl.'s EEOC Charge 6-7). This information—along with the additional details contained in the amended complaint and the EEOC charge—is entirely consistent with the plaintiff's original complaint and was simply offered in an effort to cure any pleading deficiencies.

The defendant readily concedes that the amended complaint "more closely resemble[s] the [EEOC charge] that was filed," yet still argues the "[m]agistrate [j]udge failed to do the examination outlined in Iqbal." (Def.'s Objections to R&R 3-4). The Iqbal examination requires a court to "accept as true all of the allegations contained in a complaint . . . ," unless those allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Iqbal, 556 U.S. at 678 (citation omitted). Here, the plaintiff has offered far more than threadbare recitals of the elements of her causes of action. Her claims are supported by factual details, including names of several people who she claims contributed to her alleged mistreatment, including Mr. Carswell and Ms. Van Gundy, and specific instances of conduct. (Am. Compl. ¶¶ 11, 12). The plaintiff has also identified relevant time frames, claiming that the offensive conduct persisted "into January 2012[,] the month in which [she] was terminated." (Am. Compl. ¶ 6). Thus, the Court finds that the amended complaint meets the requirements set forth in Twombly and Iqbal and that it shall survive the defendant's motion to dismiss.

In addition, as the R&R noted, "[t]his is not a situation where there exists reason to believe the plaintiff has fabricated allegations to avoid dismissal; she has simply added the



allegations, which existed in the EEOC [charge] and that the defendant, itself, argued were absent." (R&R 5). Therefore, the Court finds that the magistrate judge was correct in determining that the plaintiff's claim should not be dismissed on the ground that her allegations are inconsistent with her EEOC charge.

### B.    The magistrate judge erred in allowing the plaintiff to amend her original complaint beyond the time set forth in Rule 15.

Second, the defendant objects to the R&R on the ground that the magistrate judge erroneously allowed the plaintiff to amend her original complaint. The plaintiff filed her motion to amend on May 20, 2013, twelve days beyond the twenty-one day deadline. Thus, in order to amend, the plaintiff must receive the defendant's consent or the Court's leave. See Fed. R. Civ. P. 15(a)(2). The defendant—which did not give the plaintiff consent to amend the complaint—argues that while the Court "can provide leave to amend 'when justice so requires,' an amendment should not be allowed when it is apparent [that the] [p]laintiff [is] making a mockery of pleading requirements." (Def.'s Objections to R&R 4-5) (emphasis added).

The Court disagrees with the defendant's objection and finds that the plaintiff's amended complaint is not prejudicial or futile. In the amended complaint, the plaintiff did not introduce any new legal theories or causes of action, but instead simply provided a more complete factual description to support her original claims. Moreover, she filed her motion to amend less than two weeks after the twenty-one day deadline, which is far from "shortly before or during trial." As noted, the plaintiff's amended complaint provides a substantial factual account of offensive conduct and discrimination that is sufficient to state a claim and is not merely frivolous on its face. Accordingly, the magistrate judge did not err in granting the plaintiff's motion to amend the complaint.



C. **The magistrate judge erred in disregarding the lack of factual allegations particularly those centered on the lack of temporal proximity and causal connection.**

Lastly, the defendant claims that "there were numerous deficiencies in Plaintiff's Complaint, which continue to exist in the Amended Complaint." (Def.'s Objections to R&R 5). For example, the defendant argues that the amended complaint alleges discrimination by the defendant and its employees dating back to 2006, while the EEOC charge only alleges discrimination dating back to 2011. (Def.'s Objections to R&R 5). The defendant also claims that the plaintiff has failed to "address how the alleged actions by her supervisor or her co-workers interfered with her work performance, when it is apparent from her Complaint that those actions had allegedly been ongoing for over five years before she filed her [EEOC] Charge." (Def.'s Objections to R&R 5).

After careful review of the record, the Court finds that this third allegation of error is without merit. In this objection, the defendant generally makes the same arguments that were considered and rejected by the magistrate judge. Because the Court agrees with the magistrate judge's treatment of these claims, the Court need not address them a second time here. The Court, however, finds it necessary to state that the plaintiff sufficiently met the pleading requirements as provided in Iqbal and Twombly. In the original and amended complaints, the plaintiff sufficiently alleged "sufficient factual matter . . . to state a claim to relief that is plausible on its face." See Soc'y Without a Name, 655 F.3d at 346 (citation omitted) (internal quotation marks omitted). Therefore, the Court concludes that the magistrate judge did not err as stated in this objection.



## V. CONCLUSION

The Court has carefully reviewed the R&R. In addition, the Court has thoroughly studied the entire record, the pertinent case law, and the objections to the R&R. For the reasons set forth in this Order, the Court adopts the R&R (ECF No. 16) in its entirety, grants the plaintiff's motion to amend the complaint (ECF No. 9), and denies the defendant's motion to dismiss (ECF No. 5).

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 28, 2014
Charleston, South Carolina